CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED Roanoke
JUL 12 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CURTIS LEON TAYLOR, SR., ) | |
| Petitioner, ) | Civil Action No. 7:05cv00205 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GEORGE M. HINKLE, ) | By: Jackson L. Kiser |
| Respondent. ) | Senior U.S. District Judge |

Petitioner Curtis Leon Taylor, Sr., #319395, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2254. In his petition, Taylor challenges both his August 13, 2002 conviction in the Circuit Court for the City of Danville for unlawful wounding, assault and battery on a police officer, and felonious escape, as well as the January 29, 2003 revocation of his suspended ten year sentence for forgery and uttering in the same court.

The respondent has filed a motion to dismiss Taylor's petition, contending that it is procedurally barred. The court notified Taylor of the respondent's response and motion to dismiss, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and warned him that judgment may be granted for the respondent if he did not respond to the motion. Taylor has responded, thus making the motion to dismiss and the underlying petition ripe for consideration. Upon review of the record, I conclude that the motion to dismiss must be granted.

I.    **Procedural History and Current Claims**

On August 30, 2002 petitioner pled guilty to unlawful wounding, assault and battery on a

1

police officer, and felonious escape. He was sentenced pursuant to the above convictions to serve a total of six years and twelve months in jail, of which five years and nine months were suspended.

Taylor appealed his convictions to the Court of Appeals of Virginia. In that appeal he alleged that the circuit court never acquired jurisdiction over him because he was never served with the indictments. The court affirmed the convictions on July 21, 2003. Taylor then petitioned for an appeal to the Supreme Court of Virginia, in which he raised the same claim; but it was denied on on April 7, 2004.

On January 13, 2003, while his appeal was pending in the Court of Appeals, Taylor filed a petition for writ of habeas corpus in the Supreme Court of Virginia asserting that: 1) he was not indicted on the original charge of malicious wounding; 2) he was not charged with malicious wounding nor was a probable cause hearing held; 3) he was not presented with any indictments regarding the escape or impeding charge; and 4) that he was denied effective assistance of counsel in that counsel failed to challenge the Commonwealth regarding its failure to obtain an indictment for aggravated or malicious wounding and/or its failure to hold a probable cause hearing; counsel failed to challenge the Commonwealth regarding its failure to serve the indictments for felonious escape and impeding police; counsel failed to challenge the illegal search and seizure when the underlying charge of drunk in public was dismissed; and counsel failed to move to dismiss all charges based on alleged violations of petitioner's right to a speedy trial. On August 6, 2003, the court dismissed the petition as premature without prejudice to petitioner's right to file a subsequent petition raising the same claims.

On January 9, 2003, during a show cause hearing, the Commonwealth alleged that petitioner had violated the terms of a previously suspended sentence for forgery and a previously suspended

2

imposition of sentences for uttering and larceny. On January 23, 2003 the court held a revocation hearing as to those charges; and, on January 29, 2003 the court entered a revocation order ordering the petitioner to serve ten years on the forgery charge. Thereafter, petitioner challenged the wording of the revocation order and by corrected revocation order, dated December 9, 2004 entered nunc pro tunc as of January 29, 2003, petitioner was sentenced to serve the remaining balance of the ten year sentence.

Taylor appealed the order claiming that the trial court erred in denying his motion for a continuance, forcing him to utilize appointed counsel rather than independently hired counsel, and by reviewing and relying on his criminal history during the revocation proceedings. The Court of Appeals of Virginia affirmed the revocation order on September 17, 2004. Taylor petitioned for an appeal to the Supreme Court of Virginia; it was denied on January 11, 2004.

On May 30, 2003, while his direct appeal on this matter was pending, Taylor filed a state habeas petition in the Supreme Court of Virginia. In that petition Taylor claimed: 1) the trial court abused its discretion on January 29, 2003 when it imposed a ten year sentence after previously imposing a ten year sentence on January 23, 2003 and 2) that trial counsel was ineffective for failing to challenge the court's authority to impose the second ten year sentence. On October 6, 2003 the court dismissed the petition as premature without prejudice to petitioner's right to file a subsequent petition raising the same claims.

On August 17, 2004 petitioner filed a second petition for a writ of habeas corpus in the Circuit Court for the City of Danville in which he attacked his confinement pursuant to the revocation order. Taylor asserted that 1) trial counsel was ineffective for filing a frivolous appeal and for deliberately failing to allege adequate grounds; 2) counsel was ineffective for failing to argue that

3

the trial court abused its discretion when it revoked petitioner's suspended sentence for forgery because there was no evidence that petitioner had not been of good behavior and the revocation was based upon conduct prior to sentencing; 3) trial counsel was ineffective for failing to challenge the entire ten year sentence after previously sentencing petitioner to serve the remainer of that sentence; and 4) that trial counsel was ineffective for failing to argue that the trial court abused its discretion when resentencing petitioner to an increased ten years without benefit of an appearance before the court. The court found that petitioner had not presented any substantial reason establishing that revocation was inappropriate nor had petitioner established that those reasons were complex or difficult to develop without counsel. As petitioner had no constitutional right to counsel, the performance of his counsel could not be ineffective under Strickland. Furthermore, the court found that petitioner clearly violated the terms of good behavior, because he pled guilty to unlawful wounding, assault and battery, and felonious escape while still required to be on good behavior following the suspended sentence for forgery. Accordingly, the petition was dismissed on October 13, 2004. Petitioner did not appeal this judgment to the Supreme Court of Virginia.

Taylor then filed this federal petition, attacking both the August 13, 2002 conviction and the January 29, 2003 revocation sentence, which the court construes as raising the following grounds for relief:[1]

> A. The trial court abused its discretion [at the revocation proceeding] when it sentenced petitioner to ten years after previously sentencing him to the remaining balance of the ten year sentence for the 1996 forgery.

---

[1] Petitioner's complaint is extremely disorganized. Specifically, where petitioner is requested to detail the grounds raised in the immediate petition he states "See Attached" and "continued from page four." However, this petition contains multiple unlabeled attachments and at least three pages marked page 4. Regardless, the court will consider petitioner's claims in as inclusive a manner as possible.

4

B. The trial court abused its discretion [at the revocation proceeding] when it denied petitioner's request for a continuance during the pendency of the appeal of the underlying convictions which were the basis for the revocation hearing.

C. The trial court erred [at the revocation proceeding] when it required appellant to go forward with his revocation hearing with court appointed counsel despite petitioner's effort to retain counsel of his own choosing.

D. The trial court erred [at the revocation proceeding] by injecting itself into the case by requesting a copy of the petitioner's criminal history.

E. The trial court erred [at the revocation proceeding] by considering and relying on the petitioner's prior criminal history in fashioning a sentence when that history had not been in evidence before the court requested a copy of said criminal history.

F. Trial counsel was ineffective for failing to challenge the court's authority to impose a second ten year sentence (at the revocation proceeding).

G. As to the August 13, 2002 conviction, petitioner alleges the trial court never acquired jurisdiction over him as petitioner was not indicted on the original charge of malicious wounding nor was a probable cause hearing held and petitioner was not presented with any indictments on the escape or impeding charge.

H. Trial counsel was ineffective during the August 13, 2002 proceedings, however petitioner has not specified how counsel was ineffective.

## II. Analysis

### A. Unexhausted Claims

The respondent argues that all of Taylor's federal habeas claims are procedurally defaulted and thus barred from review on the merits. Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition without prejudice. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review

5

of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. An inmate may present his claims to the Supreme Court of Virginia on direct appeal from a decision by the Court of Appeals of Virginia, Virginia Code §17.1-411; in a habeas petition in the circuit court where he was convicted, with review of an adverse decision by the Supreme Court of Virginia, §17-1-406(B); or in a habeas petition filed directly in the Supreme Court of Virginia, §8.01-654. Whichever route petitioner chooses for each of his claims, he must give the state courts a fair opportunity to consider on the merits the same argument and the same factual support for each claim. See Anderson v. Harless, 459 U.S. 4, 6-7 (1982).

However, the presence of unexhausted claims in a federal petition does not require immediate dismissal of the claim or the petition as unexhausted if the petitioner currently has no available state court remedy. If it is clear that the state's law would now bar state review, exhaustion is not required, and federal review is precluded, absent a showing of either cause for the default and resulting prejudice or actual innocence. Teague v. Lane, 489 U.S. 288 (1989); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Under these principles, I find that claims A and H are procedurally defaulted. Taylor alleges that he previously presented claim A in his habeas petition to the Supreme Court of Virginia, Record Number 031266. However, that petition was dismissed as premature without prejudice. Thereafter, Taylor raised the same claim in a habeas petition in the Circuit Court for the City of Danville. However, that petition was again dismissed and petitioner failed to appeal to the Supreme Court of Virginia. If Taylor filed a state habeas petition now, raising these claims, the Supreme Court of Virginia would dismiss the petition, pursuant to Virginia Code §8.01-654(2)(B), as he knew the facts

before filing his first habeas petition. The Fourth Circuit has recognized this successive petition provision as an adequate and independent state law ground for procedural bar purposes. See, e.g., Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996). Therefore, this claim is barred from federal habeas consideration absent a showing of cause and prejudice or actual innocence. Murray, 477 U.S. at 495-96; Teague, 489 U.S. 288.

Taylor similarly alleges that he presented claim H in his habeas petition to the Supreme Court of Virginia, Record Number 030473. Likewise, that petition was dismissed as premature without prejudice. Petitioner failed to raise this issue again in any habeas petitions. As petitioner would now be time-barred from filing a habeas petition in the Supreme Court of Virginia pursuant to Virginia Code §8.01-654(A)(2), it too is procedurally defaulted. See O'Dell v. Netherland, 95 F.3d 1214, 1241 (4th Cir. 1996). Thus, absent a showing of cause and prejudice or actual innocence this court is barred from reviewing claim H. Murray, 477 U.S. at 495-96.

Taylor has not demonstrated cause for his procedural defaults. Generally, a petitioner can demonstrate cause by showing that some "objective factor external to the defense" impeded counsel's ability to comply with a state procedural rule. Strickler v. Greene, 557 U.S. 263, 283 n.24 (1999)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1996)). Taylor makes no excuse for his failure to present these claims to the Supreme Court of Virginia. Accordingly, petitioner has not provided evidence of cause such to excuse the procedural default of claims A and H.

Taylor has not presented any evidence as to actual innocence. To open the "actual innocence" gateway, Taylor must demonstrate that in light of "new reliable evidence . . . that was not presented at trial" and all other available evidence, it is more likely than not that no reasonable juror would find him guilty. Schlup v. Delo, 513 U.S. 298, 324-37 (1995). In this instance, Taylor has not provided

7

any evidence of his innocence or even made any argument as to such innocence. Accordingly, I conclude that Taylor fails to demonstrate "actual innocence" so as to excuse his procedural defaults. Schlup, 513 U.S. at 324-37. Thus, I will grant respondent's motion to dismiss as to claims A and H.

**B.    Exhausted Claims**

After a through review of the record I find that Taylor presented claims B, C, D, E, F, and G to the Supreme Court of Virginia on direct appeal. Accordingly, those claims are exhausted.

To the extent Taylor claims that the Supreme Court of Virginia misapplied state law in claims B through G, those claims must be dismissed. Generally, claims arising from state law are not cognizable in a federal habeas petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A claim that state law was violated "may not be reached unless the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice' or [there are] 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978)(quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Taylor has failed to allege any facts which establish that the Supreme Court of Virginia has misapplied state law or that the dismissal of his claims resulted in a fundamental miscarriage of justice. Accordingly, I must defer to the state court's finding of facts and accept the state court's declaration of state law as to these claims.

To the extent that Taylor's claims raise allegations of violations of federal law, they too must be dismissed. Under 28 U.S.C. § 2254(d) a federal petition for writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless

8

the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1-2). Accordingly, habeas relief is appropriate only if the state court's decision was contrary to Federal law or was clearly contrary to the facts presented during the proceeding. Id. A state court decision is contrary to federal law when it contradicts precedent set by the United States Supreme Court as to a question of law or if the state court confronts facts which are materially indistinguishable from a relevant Supreme Court precedent but arrive at an opposite result than the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). Additionally, a state court makes an unreasonable application of law if it unreasonably applies the correct rule to the facts presented or unreasonably extends or refuses to extend a particular legal principle. Id. at 406. However, a presumption of correctness attaches to state court factual findings. 28 U.S.C. § 2254 (e)(1). As such, the petitioner bears the burden of rebutting this presumption. Id.

In this instance, because claims B through G were previously adjudicated on the merits in the trial court and appellate court, Taylor bears the burden of establishing that those decisions were either contrary to federal law or were unreasonable based on the evidence produced during those proceedings. Taylor has presented no evidence which establishes that those decisions were unreasonable and therefore, cannot rebut the presumption of correctness as to the state court's findings.

In claim B, Taylor alleges that the trial court abused its discretion during the revocation

9

proceeding by denying petitioner's request for a continuance during the pendency of the appeal of the underlying convictions which were the basis for the revocation hearing. From the record, it is clear that Taylor does not claim that the Supreme Court of Virginia has erroneously applied federal law. In fact, during his appeal Taylor conceded that the court may allow the revocation of suspended sentences based on a final order of conviction which was on appeal. Accordingly, he has presented no evidence which can rebut the presumption as to the state court's finding that his claim is without merit.

In claim C, Taylor alleges that during his revocation proceeding the trial court required him to go forward with his revocation hearing with court appointed counsel despite petitioner's effort to retain counsel of his own choosing. From the record, it is clear that the trial court gave petitioner ample opportunity to retain counsel of his choosing. In fact, the matter was continued twice to allow petitioner the opportunity to produce his counsel. When no such counsel appeared, the court appointed counsel so that the matter could proceed. Taylor has failed to present any evidence to establish that this was unreasonable, thus this claim must be dismissed.

In claims D and E, Taylor alleges that the trial court erred during the revocation hearing by requesting and reviewing his criminal history report. However, as the revocation hearing was based on violations of the good behavior clause of his suspended sentence, specifically his conviction for unlawful wounding, assault and battery, and felonious escape, those convictions were clearly relevant in determining how much of the suspended sentence should be revoked. Taylor has not presented any evidence which established that the court's consideration of that evidence in the revocation of his suspended sentence was unreasonable.

In claim F, Taylor claims he was denied effective assistance of counsel because counsel

10

failed to object to the imposition of a second ten year sentence following the revocation hearing. However, the record clearly indicates that Taylor was sentenced to serve <u>only</u> the remaining balance of the previously suspended ten year sentence for forgery. Accordingly, this claim is without merit.

In claim G, petitioner alleges that the trial court never acquired proper jurisdiction over him because he was not indicted on the original charges, a probable cause hearing was not held, and the petitioner was not presented with any indictments on the escape or impeding charges. However, petitioner does not contest that the offenses of which he was convicted occurred in Danville. Obviously, the Circuit Court of the City of Danville has general jurisdiction to try felony cases which were committed in the City of Danville. Nor does petitioner contest that he was actually present during the trial, was represented by counsel, had a preliminary hearing regarding those offenses on February 1, 2002 (which was continued at plaintiff's request, during the hearing to allow him to retain counsel) and on April 14, 2002, and that he did not make a Notice of Special Appearance. Clearly this claim is clearly without merit.

### III. Conclusion

Based on the foregoing, I will grant the motion to dismiss in its entirety. Taylor's claims A and H are procedurally defaulted. As he fails to demonstrate cause and prejudice or actual innocence to circumvent those defaults, they are barred from federal habeas review on the merits. Furthermore, claims B through G have been adjudicated on the merits in the state courts and Taylor has failed to demonstrate such adjudication was unreasonable or contrary to clearly established federal law; therefore, those claims must be dismissed. Accordingly, an appropriate order shall be issued this day.

11

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 12th day of July, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge